BEN BAER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14480.   Promulgated June 30, 1928.

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

*S. Leo Ruslander, Esq.*, for the petitioner.
*Frank S. Easby-Smith, Esq.*, for the respondent.

OPINION.

SMITH: Section 214(a)(4) permits an individual taxpayer to deduct from gross income:

Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business.

Any loss sustained by the petitioner in respect of the fire of October 29, 1920, within the limits of the taxing act, was deductible from gross income in the petitioner's tax return for 1920. The respondent has determined no deficiency for the year 1920 and we are not concerned with the amount of the loss deductible from the gross income of that year. The petitioner claims, however, that inasmuch as the cost of restoring the property was $14,254.29 in excess of the insurance received he is entitled to deduct that amount from gross income of 1921 as a necessary expense of repair. Section 215(a) of the Revenue Act of 1921 (under the provisions of which the return for 1921 was made) prohibits the deduction from the gross income of an individual of—

(2) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate;

(3) Any amount expended in restoring property or in making good the exhaustion thereof for which an allowance is or has been made.

The expenditure made by the petitioner in 1921 in restoring the property was $31,008.45. Of this amount the respondent has disallowed the deduction from gross income of $14,254.29, the difference between the cost of the restoration and the insurance recovered. In *Pelican Bay Lumber Co.*, 9 B. T. A. 1024, we held that the difference between the cost of a new mill and equipment and the amount of insurance collected on the old mill and equipment was a capital expenditure and not a deductible expense. That decision is controlling here. The action of the respondent in disallowing the deduction of $14,254.29 is sustained.

*Judgment will be entered for the respondent.*